UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 20-CR-1546-JLS |
| | ) | |
| Plaintiff, | ) | ORDER AND FINDINGS OF FACT |
| | ) | |
| v. | ) | |
| | ) | |
| ISRAEL VARELA, | ) | |
| | ) | |
| Defendant. | ) | |

1.  On December 9, 2020, the Chief United States District Judge of the Southern District of California entered an Order suspending jury trials and other proceedings scheduled to begin before January 11, 2021. *See* Order of the Chief Judge No. 52A, In The Matter Of Renewed Suspension Of Jury Trials And Other In-Person Proceedings During the COVID-19 Public Emergency (Revised) (OCJ No. 52A). This Order, which is hereby incorporated by reference, was imposed based on the California Regional Stay at Home Order issued on December 3, 2020, detailing "an unprecedented surge in the level of community spread of COVID-19" and the order issued by the County of San Diego on December 6, 2020, implementing the state order.

2.  In light of the public health restrictions and in order to protect public safety and prevent the spread of the COVID-19 virus, the Court suspended "all proceedings under Federal Rule of Criminal Procedure 5.1" until at least January 8, 2021. The Court

extended OCJ No. 52A to January 22, 2021, and then to February 5, 2021.  *See* OCJ Nos. 52B, 52C.

3.  On January 25, 2021, the Court issued OCJ No. 56, which noted "that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure … cannot be conducted in person without seriously jeopardizing public health and safety."

4.  However, under OCJ 52A and its progeny, OCJ No. 56, and Section 15002(b)(2)(A) of the CARES Act, a Court presiding over a particular case can authorize the use of video teleconferencing or telephone conferencing for a change of plea upon finding specific reasons that the plea cannot be further delayed without serious harm to the interests of justice and with the approval of the Defendant.

5.  For the reasons detailed in the parties' joint motion to authorize video teleconferencing for a change of plea, the Court finds that a further delay in the Defendant's plea hearing would cause serious harm to the interests of justice. Setting a prompt change of plea date will allow the Defendant to request a non-custodial sentence at the earliest possible date, prevent the Defendant from being or remaining incarcerated longer than is necessary, and satisfy the objectives of sentencing under the United States Sentencing Guidelines and 18 U.S.C. § 3553.

6.  Therefore, the Court hereby authorizes a change of plea hearing to take place via video teleconferencing or teleconferencing at the earliest possible date.  The presiding judge shall confirm on the record at the time of the change of plea hearing that the defendant has been advised by counsel and

consents to the hearing proceeding via video teleconferencing or teleconferencing.

IT IS SO ORDERED.

Dated: February 10, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge